**Ru Qin ZHANG & Zhen Gui Li, Petitioners,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Gonzales, Respondents.**

No. 02–4392.

United States Court of Appeals, Second Circuit.

Feb. 28, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Petitioners.

David N. Kelley, United States Attorney for the Southern District of New York (Rosemary Nidiry, Lisa R. Zornberg, Assistant United States Attorneys), New York, NY, for Respondents, of counsel.

Present: OAKES, KEARSE, and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition be, and it hereby is, DENIED.

Petitioners Ru Qin Zhang and Zhen Gui Li petition for review of two July 18, 2002, orders of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) decision denying their applications for asylum and withholding of deportation.

In their petition to this Court, the petitioners argue that the BIA and IJ erred (1) in concluding that the petitioners had not suffered past persecution; (2) by not considering their right to protection under the Convention Against Torture; and (3) in pretermitting Zhang's application after concluding that she had not established that she had filed her application within one year of arriving in the United States.

We review the IJ's credibility determinations under the substantial evidence standard, affirming the findings if "supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). The substantial evidence standard is "exceedingly narrow." *Id.* (internal quotation marks omitted).

Upon a thorough examination of the record, we conclude that substantial evidence exists to support the IJ's conclusion that the petitioners have not suffered past persecution. A review of the record reveals inconsistencies in the petitioners' testimony that go to the heart of their asylum applications and little supporting evidence for the petitioners' claims.

In addition, because the petitioners made no claim before the IJ or BIA with respect to their rights to protection under the Convention Against Torture, we do not consider that claim. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004) (citing *Cervantes–Ascencio v. INS,* 326 F.3d 83, 87 (2d Cir.2003)). Finally, the IJ properly concluded that Zhang had not established that she had filed an application within one year of arrival, and that, in any event, Zhang's petition fails because the petitioners were not credible and therefore had not established any basis for asylum or withholding of deportation.

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.