**Yu Yuan ZHENG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–4384.

United States Court of Appeals, Second Circuit.

Jan. 4, 2005.

Tao Lin, Caesar & Napoli, New York, NY, for Petitioner.

David N. Kelley, United States Attorney for the Southern District of New York,

New York, N.Y. (Heather K. McShain, Sara L. Shudofsky, Assistant United States Attorneys), for Respondent, of counsel.

Present: KEARSE, SACK, and HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review of the order of the Board of Immigration Appeals be, and it hereby is, DENIED.

Yu Yuan Zheng petitions for review of the February 13, 2003, judgment of the Board of Immigration Appeals (Frederick D. Hess, *Judge*) affirming an April 26, 2001, decision of Immigration Judge Robert D. Weisel classifying Zheng as a "persecutor," and thereby concluding that Zheng should be denied asylum and withholding of removal.

On appeal, Zheng argues that the BIA's decision should be reversed or remanded because (1) the IJ's classification of Zheng as a "persecutor" lacked substantial evidence; (2) Zheng is a conscientious objector because he did not obey the inhumane actions mandated by his government"; and (3) even if he is barred from asylum, he is eligible for deferral of removal pursuant to the UN Convention Against Torture.

We review the BIA's decision for "substantial evidence." *Melgar de Torres v. Reno,* 191 F.3d 307, 312 (2d Cir.1999). The substantial evidence standard is "exceedingly narrow." *Wu Biao Chen v. I.N.S.,* 344 F.3d 272, 275 (2d Cir.2003). "Under this standard, a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. I.N.S.,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. I.N.S.,* 232 F.3d 279, 287 (2d Cir.2000)).

■ Although neither party disputes that Zheng was persecuted, Zheng's own testimony provides substantial evidence to establish that he was also a persecutor. The current provisions of the Immigration and Naturalization Act, which are substantively the same as the provisions applicable at the time of Zheng's request for asylum in 1993, specifically exclude from eligibility for asylum an "alien [who] ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion[.]" 8 U.S.C. § 1158(b)(2)(A)(i). Withholding of deportation is governed by the same rule. *See* 8 U.S.C. § 1231(b)(3)(B)(i).

Zheng testified that he conducted about 150 vasectomies each year. He also acknowledged in his testimony that he performed vasectomies on men who "were *required* to have vasectomies by the government" (emphasis supplied). In his brief on appeal to the Board of Immigration Appeals, Zheng states:

The people who were in front of me in hospital for vasectomies were my patients although they were sent in by the Chinese government officials by force most of the time. As a doctor, before taking any actions I was in the habit of asking patients professionally whether he or she knew about what kind of operation he or she was going to have. Although most of the people who were sent into the hospital by force for vasectomies were not willing to have the operation and they did not agree to it, but they all clearly knew about it. The patients also knew that I was doing my professional job and most of them understood that I was also doing something against my own will. That is why I said on the testimony, that I never did

vasectomies without the consent of patients. Vasectomies were required and enforced by the Chinese government. It is clear that, based on Zheng's own testimony, he "assisted ... in the persecution" of others and thus is properly classified under the Immigration and Naturalization Act as a persecutor and is not entitled to asylum or withholding of deportation.

Zheng's claim that he should instead be classified as a conscientious objector also fails. Despite his testimony that he protected four individuals from sterilization, Zheng's own testimony undermines his claim that he should be entitled to conscientious objector status. First, the four patients he described for which he falsified papers were, he testified, narrow and unique cases: they were medically unfit for the procedure—permitting the IJ to infer that he did little for the remaining patients who might have been equally unwilling but who were medically fit. Second, Zheng admitted that he performed some 150 such procedures a year on unwilling patients. There plainly was substantial evidence to support the BIA's conclusion that Zheng directly participated in the persecution of others and is therefore ineligible for conscientious objector status and ineligible for asylum. *See generally Tagaga v. I.N.S.*, 228 F.3d 1030 (9th Cir. 2000). In none of the cases cited by Zheng was an alien who had assisted or participated in acts of persecution exempted from the persecutor exclusion on the basis that he was a conscientious objector.

■ Finally, Zheng argues that the BIA and IJ should have considered, but did not, the possibility that Zheng is eligible for protection from removal by the Convention Against Torture. However, an individual must raise an issue on appeal to the BIA in order to exhaust administrative remedies. *See Cervantes–Ascencio v. I.N.S.*,

326 F.3d 83, 87 (2d Cir.2003). Otherwise, he is jurisdictionally barred from raising the issue on appeal to this Court. *See Theodoropoulos v. I.N.S.*, 358 F.3d 162, 168–74 (2d Cir.2004); *see also Awad v. Ashcroft*, 328 F.3d 336, 340 (7th Cir.2003). The issues an individual must raise before the BIA include claims based on the Convention Against Torture. *See Khourassany v. I.N.S.*, 208 F.3d 1096, 1099 (9th Cir.2000) Because Zheng did not raise this issue below and therefore did not exhaust it administratively, this Court lacks subject matter jurisdiction over the claim.

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.