**Zhou Sun NI, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

**No. 02–4374–AG.**

United States Court of Appeals,
Second Circuit.

Jan. 24, 2005.

of New York, sitting by designation.

Vlad Kuzmin, New York, NY, for Petitioner.

Carolyn M. Piccotti, Office of Immigration Litigation, Civil Division, United States Department of Justice (Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Senior Litigation Counsel, Office of Immigration Litigation, on the brief), Washington, D.C., for Respondent.

Present: WINTER, SOTOMAYOR, and B.D. PARKER, Circuit Judges.

Petitioner Zhou Sun Ni ("Ni") petitions for review of a July 16, 2002 order of the BIA, dismissing without opinion his appeal of an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal.

Ni, a citizen of the People's Republic of China ("China"), entered the United States on April 9, 1990 without a valid entry document. After Ni unsuccessfully petitioned for asylum, the government served Ni with a Notice to Appear ("NTA") on March 16, 1998. Ni conceded removability before the IJ and indicated that he was seeking asylum and withholding of removal or, in the alternative, voluntary departure. The basis of his asylum claim was his allegation that the Chinese government had forcibly sterilized him. The IJ denied Ni's claims for relief on September 8, 1998. The BIA summarily affirmed the IJ's decision on July 16, 2002.

In his petition for review, Ni asserts that the IJ erred in denying his application for asylum and withholding of removal because the IJ's adverse credibility determination was not supported by substantial evidence. Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). In doing so, we defer to the IJ's factual findings if they are supported by "substantial evidence." *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (quotation marks and citation omitted). "Under this standard, we will not disturb a factual finding if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Id.* (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). This Court grants "particular deference" to the credibility findings of the IJ. *Montero v. INS*, 124 F.3d 381, 386 (2d Cir.1997).

We find that substantial evidence supported the IJ's adverse credibility determi-

nation. Ni's testimony before the IJ on the events giving rise to his claim conflicted with his 1993 asylum application on such central details as the length of his detention and the place of his forced sterilization. *Cf. Zhang v. INS*, 386 F.3d 66, 75–78 (2d Cir.2004) (holding that IJ could have reasonably found that petitioner's inability to offer consistent testimony about events forming basis of asylum claim undermined credibility). In light of Ni's starkly conflicting accounts of the events at the heart of his claim, and notwithstanding the supplemental statement he submitted, his arguments concerning the IJ's findings regarding minor and incidental details are unavailing.[1]

Furthermore, to the extent that Ni seeks relief under the Convention Against Torture ("CAT"), we do not consider the claim because he did not raise it before the IJ or BIA. *See Cervantes–Ascencio v. United States INS*, 326 F.3d 83, 87 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED.

---

**1.** Ni raises other challenges to the IJ's credibility finding, asserting that the IJ was wrong to find that his testimony concerning the circumstances of his marriage and his lack of vasectomy scars were incredible. Even if we accept Ni's contention that the IJ's conclusions regarding these details were in error, the stark contradictions concerning the events at the heart of Ni's claim justify the IJ's denial of the claim.