**Zai Muzaffar SULTAN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, Ashcroft, Respondent.**

No. 03–4064.

United States Court of Appeals, Second Circuit.

April 19, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Maria M. Mlynar (Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Senior Litigation Coun-

sel, on the brief), U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

Present: WINTER, CABRANES and POOLER, Circuit Judges.

## SUMMARY ORDER

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is hereby DENIED and the order of the Board of Immigration Appeals is hereby **AFFIRMED.**

Zai Muzaffar Sultan, a native and citizen of Pakistan, petitions this Court for review of a December 12, 2002, order of the Board of Immigration Appeals ("BIA") summarily affirming a March 16, 2001, oral decision of an immigration judge ("IJ"). At his immigration hearing, Sultan testified that he had been arrested and severely beaten by Pakistani police officers on four separate occasions because of his involvement in the Mohajir Quaami Movement and feared that, if he returned to Pakistan, he would be further persecuted. The IJ denied Sultan's application for asylum and withholding of removal based on his finding that Sultan was not credible, that his asylum application contained material omissions, that his testimony, asylum application, and supplemental statement contained material inconsistencies, and that he had supplemented his application with insufficient corroborating evidence. The IJ also found that, even had Sultan's testimony been credible, Sultan would have been ineligible for asylum because he had not established "that the threat of persecution exist[ed] for him countrywide" in Pakistan.

■ We defer to the IJ's factual findings as long as they are supported by "substantial evidence," and we will reverse only if no reasonable factfinder could have reached the same conclusion. *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000). Upon our review of the record, we hold that the IJ's determination—that Sultan failed to establish a credible account of either past persecution or a reasonable fear of future persecution based on his participation in the Mohajir Quaami Movement in Pakistan—is supported by substantial evidence insofar as the record considered as a whole does not compel a contrary conclusion. *See Zhang v. U.S. INS,* 386 F.3d 66, 67 (2d Cir.2004) (affirming denial of asylum under the substantial evidence standard where the IJ found that the asylum applicant had submitted " 'few [corroborating] documents' " and had " 'not presented consistent, detailed or credible testimony' to support his claim of persecution").

■ With respect to Sultan's complaint that the IJ erred (1) by denying Sultan relief under the Convention Against Torture and (2) by excluding certain evidence that Sultan did not timely submit, Sultan failed to raise these claims in his appeal before the BIA. Consequently, we are without jurisdiction to consider them. *See* 8 U.S.C. § 1252(d)(1); *Cervantes–Ascencio v. U.S. INS,* 326 F.3d 83, 87 (2d Cir.2003) (recognizing that § 1252(d)(1)'s "exhaustion requirements [require a petitioner] to raise issues to the BIA in order to preserve them for judicial review").

\*　　\*　　\*　　\*　　\*　　\*

Having considered all of petitioner's arguments and found each of them to be without merit, we **DENY** the petition for review and **AFFIRM** the order of the Board of Immigration Appeals.