Jian Zhen CHEN, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, ATTORNEY GENERAL ASHCROFT, Respondent.

No. 02–4719.

United States Court of Appeals, Second Circuit.

May 5, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Kathleen M. Salyer, Assistant United States Attorney, Miami, FL (Marcos Daniel Jiménez, United States Attorney, Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Assistant United States Attorney, Miami, FL), for Respondent.

Present: KEARSE, JACOBS, and CALABRESI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition be **DENIED.**

Jian Zhen Chen, a citizen of the People's Republic of China, petitions for review of an October 11, 2002 order of the Board of Immigration Appeals ("BIA"), affirming an Immigration Judge's ("IJ") denial of Chen's application for asylum and withholding of removal. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

"We review the factual findings underlying the BIA's determinations under the substantial evidence standard, reversing only if 'no reasonable fact-finder could have failed to find' that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). "When a factual challenge pertains to a credibility finding made by an IJ and adopted by the BIA, we afford 'particular deference' in applying the substantial evidence standard." *Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004) (quoting *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997)); *see also Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003) (where, as in this case, the BIA summarily affirms the IJ's decision and adopts the IJ's reasoning, we review the decision of the IJ directly). The IJ deemed Chen not credible and, based on that ruling, concluded that Chen was ineligible for asylum or withholding of removal. The IJ's determination was supported by substantial evidence.

Chen also argues that the IJ erred in determining that she was ineligible for relief under the Convention Against Torture. However, Chen did not raise this claim in her appeal to the BIA, and it is therefore not preserved for review by this Court. *See Cervantes–Ascencio v. INS,* 326 F.3d 83, 87 (2d Cir.2003) (citing 8 U.S.C. § 1252(d) ("A court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right....")).

The petition is hereby **DENIED.** The outstanding motion for stay of removal is hereby **DENIED** as moot.