**Hakli SHTOPAKU, Tasha Shtopaku, Oljan Shtopaku, Nertila Shtopaku, Petitioners,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, Edward McElroy, New York District Director, Bureau of Citizenship and Immigration Services, Respondents.**

No. 03–40637.

United States Court of Appeals, Second Circuit.

May 5, 2005.

Mario Demarco, Law Office of Mario DeMarco, P.C, Port Chester, NY, for Petitioner.

Kathy S. Marks, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Michael L. Tabak, Assistant United States Attorney, on the brief), New York, NY, for Respondent.

Present: SOTOMAYOR, B.D. PARKER, and HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the order of the

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED AND DECREED that the petition is DENIED.

Petitioners Hakli Shtopaku, Tasha Shtopaku, Oljan Shtopaku and Nertila Shtopaku (collectively, "petitioners") petition for review of a September 10, 2003 order of the BIA that affirmed an April 4, 2002 order of Immigration Judge ("IJ") Helen Sichel, denying petitioners' application for asylum under 8 U.S.C. § 1158 and withholding of removal under 8 U.S.C. § 1231(b)(3)(A). We assume the parties' familiarity with the facts and procedural history of the case.

The IJ rejected the claims for asylum and withholding of removal on the ground that petitioners were not credible. The BIA affirmed the adverse credibility finding and dismissed the appeal. Petitioners now attack the adverse credibility finding on the grounds that, *inter alia,* the IJ improperly disregarded petitioners' explanation for certain implausibilities, failed to take sufficient account of supportive documentary evidence and relied on minor inconsistencies that should not have affected the credibility finding. Petitioners raised none of these arguments to the BIA, however, and we therefore may not consider them. *See* 8 U.S.C. § 1252(d)(1); *Cervantes-Ascencio v. United States INS,* 326 F.3d 83, 87 (2d Cir.2003) (per curiam) (holding that exhaustion requirements barred the Court from considering a specific issue not raised before the BIA). In any event, none of petitioners' arguments would provide a sufficient basis to reject the BIA's conclusion that the submission of forged documents undermined petitioners' entire claim. *See Matter of O–D–,* 21 I. & N. Dec. 1079, 1082 (BIA 1998) (holding that submission of forged documents with an asylum application may indicate an overall lack of credibility). Accordingly, we affirm the IJ's and BIA's denial of relief. *See Wu Biao Chen v. INS,* 344 F.3d 272, 276 (2d Cir.2003) (per curiam) (affirming the denial of asylum and withholding of removal where petitioner had failed to overcome an adverse credibility finding); *see also Ramsameachire v. Ashcroft,* 357 F.3d 169, 185 (2d Cir.2004) (noting that an adverse credibility finding dooms an asylum claim).

For the foregoing reasons, the petition for review is DENIED.