**Cheng Xiang YOU, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, Gonzales, Respondent.**

**No. 03–4165.**

United States Court of Appeals, Second Circuit.

June 1, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Edward R. Broton, Assistant United States Attorney for the Northern District of New York (Glenn T. Suddaby, United States Attorney for the Northern District of New York, on the brief), Syracuse, NY, for Respondent.

Present: MINER, POOLER, Circuit Judges, and BLOCK, District Judge.*

## SUMMARY ORDER

Cheng Xiang You, a citizen of the People's Republic of China, petitions this court for review of a decision of the Board of Immigration Appeals ("BIA"), affirming without opinion, an Immigration Judge's ("IJ's") decision to deny petitioner You's applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). Where the BIA affirms without opinion, we may review the IJ's opinion directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We assume the parties' familiarity with the facts, underlying proceedings, and specification of appellate issues.

■ Petitioner You's claims for relief stem from his wife's alleged forced abortion. If a petitioner's wife has undergone a forced sterilization or abortion he is presumptively entitled to asylum and withholding of removal relief unless the government rebuts this presumption through

---

* The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

a showing of changed circumstances. *See In re C–Y–Z–*, 21 I. & N. Dec. 915, 918–19, 1997 WL 353222 (BIA 1997); *Qiu v. Ashcroft*, 329 F.3d 140, 148 (2d Cir.2003). The IJ, however, made an adverse credibility determination that was fatal to all three of petitioner You's claims of relief.

■ We review an IJ's factual findings, including credibility determinations, under a substantial evidence standard. *See Abankwah v. INS*, 185 F.3d 18, 22–23 (2d Cir.1999). In this case, substantial evidence supports the IJ's adverse credibility determination, which relied principally on significant discrepancies between petitioner You's airport interview and later testimony.

In *Ramsameachire v. Ashcroft* out several factors for ensuring reliability of airport interview testimony. 357 F.3d 169, 179–80 (2d Cir.2004). For instance, airport testimony is more likely reliable when (1) the record of the interview is a verbatim account; (2) the interviewers elicit details regarding petitioner's asylum claim; (3) petitioner is not reluctant to testify due to his or her previous experiences with coercive interrogation measures; and (4) petitioner's answers suggest that he or she understood the translation of the interview questions. *Id.*

We have carefully reviewed the circumstances surrounding the airport interview, and, fully taking into consideration the *Ramsameachire* factors, rule that the IJ's adverse credibility determination was proper. *See id.* For instance, the record of petitioner You's airport interview was a verbatim transcript and indicated that the interviewer elicited details and asked follow-up questions. Furthermore, although petitioner You argued that the translation was disturbed because it was telephonic, there is no indication in the transcript that petitioner misunderstood any of the questions or that the translation was otherwise

deficient. We therefore hold that the IJ's denials of asylum and withholding of removal were supported by substantial evidence.

■ We do not have jurisdiction to consider petitioner You's CAT claim because it was unexhausted due to petitioner's failure to raise it to the BIA. *See Cervantes–Ascencio v. INS*, 326 F.3d 83, 87 (2d Cir. 2003).

For the foregoing reasons, the petition for review is denied and petitioner You's motion for stay of removal is denied.