**BAO FEI HUANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, John Ashcroft, United States Attorney General, Respondent.**

No. 02–4716.

United States Court of Appeals, Second Circuit.

June 1, 2005.

* The Honorable Michael D. Mukasey, Chief Judge of the United States District Court for the Southern District of New York, sitting by designation.

Bruno Joseph Bembi, Hempstead, N.Y. (on submission), for Petitioner.

Kathleen M. Mehltretter, Assistant United States Attorney for Michael A. Battle, United States Attorney for the Western District of New York, Buffalo, N.Y. (on submission), for Respondent.

PRESENT: JACOBS, CALABRESI, Circuit Judges, and RAKOFF, District Judge.*

## SUMMARY ORDER

■ Bao Fei Huang ("Huang") petitions for review of the EOIR's decision, denying her applications for asylum and withholding of removal relief.[1] We assume that the parties are familiar with the facts of Huang's case, the procedural history, and the scope of the issues presented on appeal.

Huang, a native and citizen of China, arrived in the United States on January 1, 1999, and was placed in removal proceedings. Huang conceded removability, but applied for asylum and withholding of removal. In her asylum application, Huang alleged that she and her husband had been subject to persecution at the hands of birth control officials in China.

After Huang filed her asylum application, Huang's husband arrived in the United States. Huang's husband was also placed in removal proceedings, and was detained at an INS facility in New York. Prior to the scheduled merits hearing on Huang's applications for asylum and withholding of removal, Huang's husband submitted a motion seeking to consolidate his

---

* The Honorable Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

1. Huang also seeks review of the EOIR's failure to afford her Convention Against Torture ("CAT") relief. Because Huang did not mention the CAT in her submissions before the IJ or the BIA, we agree with the government that this claim is unexhausted. *See* 8 U.S.C. § 1252(d); *see also Cervantes–Ascencio v. U.S. INS,* 326 F.3d 83, 87 (2d Cir.2003) (per curiam).

asylum case with Huang's. In an affidavit attached to his motion, Huang's husband indicated that he sought consolidation in part because he "wish[ed] to testify at [his] wife's hearing...."

Huang's husband's motion remained unadjudicated at the time of Huang's hearing. Thus, only Huang appeared at the hearing, and testified in support of her applications for relief. At the hearing, Huang testified that she had been subject to various coercive procedures—including a compelled abortion, forced sterilization, and forced usage of an intrauterine device—at the hands of Chinese birth control officials.

At the conclusion of the hearing, the IJ issued an oral decision, finding Huang to be incredible, and denying Huang's applications for asylum and withholding of removal relief. In so holding, the IJ relied significantly on the fact that Huang had: 1) failed to introduce an affidavit from her husband in support of her claims; and 2) failed to proffer an explanation for the affidavit's absence. *See Matter of Bao Fei Huang*, No. A 76 525 493—New York at 8 (Imm. Judge Feb. 28, 2000) (noting that Huang's "[f]ailure ... to offer a reasonable explanation" for not introducing an affidavit from her husband *"in essence destroys this case.* [Huang] is found not credible.") (emphasis added). The IJ did not mention the motion pending before him to consolidate Huang's husband's case with her own. The BIA summarily affirmed the IJ's decision.

■ We agree with Huang that the IJ's reliance—in concluding that Huang was not credible—on Huang's failure to explain the lack of corroborative proof from her husband necessitates vacatur in this case. Huang's husband—in submitting his motion to consolidate the couple's proceedings—indicated a desire to testify on Huang's behalf. At the time of the hearing, the IJ had not acted on that motion.

In the absence of any indication to the contrary, it was reasonable for Huang to assume that she need not take further action to procure evidence from her husband in support of her claims. We therefore agree with Huang that the IJ's reliance on this factor requires us to vacate the IJ's adverse credibility finding, and remand for further proceedings before the agency. *See, e.g., Diallo v. INS*, 232 F.3d 279, 289–90 (2d Cir.2000); *see also Tian-Yong Chen v. INS*, 359 F.3d 121, 128–29 (2d Cir.2004).

We have considered all of the respondent's arguments and find them to be without merit. The petition for review of the EOIR's decision is GRANTED, and the EOIR's order is VACATED and RE-MANDED for further proceedings consistent with this order.