**PAL, Cornel, Petitioner–Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent–Appellee.**

No. 02–4447.

United States Court of Appeals, Second Circuit.

June 6, 2005.

Sunit K. Joshi, Joshi & Associates, P.C., New York, NY, for Petitioner–Appellant.

Mary E. Fleming, Assistant United States Attorney, Western District of New York (Michael A. Battle, United States Attorney, on the brief) Buffalo, NY, for Respondent–Appellee.

PRESENT: STRAUB, HALL, Circuit Judges, and KAPLAN, District Judge.[*]

## SUMMARY ORDER

Respondent, Cornel Pal, a citizen and native of Romania, entered the United States in 1992 on a non-resident visa. Pal failed to leave the United States upon expiration of his visa and, in 1997, was identified for removal by the Immigration and Naturalization Service ("INS"). Prior to receiving a Notice to Appear from the INS, Pal applied for asylum based upon his stated fear that he would be targeted for interrogation, persecution, and employment discrimination in Romania on account of his anti-communist political views and his history of anti-communist activism prior to his departure from Romania.

In August 1999 Pal's petitions for asylum and for withholding of removal under 8 U.S.C. § 1101(a)(42)(A) and 8 U.S.C. § 1231(b)(3)(A), respectively, were heard by Immigration Judge Larry R. Dean ("IJ"). The IJ received testimony from Pal and, in addition, accepted evidence offered by Pal and the government relating to, *inter alia,* current conditions in Romania. The IJ then rendered an oral decision, denying Pal's petitions for asylum and for withholding of removal. The IJ credited Pal's testimony but denied relief, finding that Pal's fears of interrogation and persecution were either insufficient in specificity and detail or did not, as a matter of law, rise to the level of "persecution" under 8 U.S.C. § 1101(a)(42)(A) and 8 U.S.C. § 1231(b)(3)(A). In addition, the IJ granted Pal's request for voluntary departure. Pal timely appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which affirmed, without opinion, the IJ's denial of asylum and withholding of removal and extended permission for voluntary removal. Pal now petitions this Court for review, seeking asylum, withholding of removal, and, for the first time, relief under the Convention Against Torture. We assert jurisdiction under 8 U.S.C. § 1252(b), deny, in part, and dismiss, in part the petition.

In circumstances such as those present, where the BIA affirms an IJ decision without discussion, we review directly the IJ decision. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's determination of facts relevant to whether Pal has established past persecution or a well-founded fear of future persecution for substantial evidence, reversing "only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000). However, "[w]hen the situation presented

[*] The Hon. Lewis A. Kaplan, United States District Judge, Southern District of New York, sitting by designation.

is the [IJ's] application of legal principles to undisputed facts, rather than its underlying determination of those facts or its interpretation of its governing statutes, our review of the [IJ's] asylum and withholding of deportation determinations is *de novo."* *Id.* (quotations omitted).

We agree with the IJ that the treatment Pal claims to fear upon his return to Romania does not rise to the level of "persecution" under 8 U.S.C. § 1101(a)(42)(A) or 8 U.S.C. § 1231(b)(3)(A). In particular, his claims of economic discrimination neither rise to the level of "deliberate imposition of substantial economic disadvantage" resulting in "economic deprivation," *Liao v. U.S. Dept. of Justice* 293 F.3d 61, 70 (2d Cir.2002) (quotation omitted), nor do they "constitute a threat to [his] life or freedom," *Matter of Acosta,* 19 I. & N. Dec. 211, 222 (BIA 1985); and his claims of government harassment are no more than vague and unsubstantiated threats, *Liao* 293 F.3d at 70. We further see no evidence on the record before us that would have compelled a reasonable fact-finder to conclude that Pal will, upon his return to Romania, be targeted for interrogation, police harassment, or economic discrimination that *would* rise to the level of "persecution." We therefore affirm as to the IJ's denial of Pal's petitions for asylum and for withholding of removal.

Pal, for the first time on this appeal, requests relief under the Convention Against Torture. Under 8 U.S.C. § 1252(d), we "may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right." *See also Theodoropoulos v. INS,* 358 F.3d 162, 170–71 (2d Cir. 2004); *Cervantes–Ascencio v. INS,* 326 F.3d 83, 87 (2d Cir.2003). Because Pal failed to exhaust his Convention Against Torture claim in the administrative proceedings we are without jurisdiction to consider it on this appeal. At any rate, given the IJ's findings, Pal could not meet his burden for relief under the Convention.

We have reviewed each of Pal's remaining arguments on this appeal and find each of them to be without merit. For the foregoing reasons the petition for review is DENIED, in part, and DISMISSED, in part.