**XUE ZHANG CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Ashcroft, Respondent.**

**Docket No. 02–8418.**

United States Court of Appeals, Second Circuit.

July 20, 2005.

On submission (Yee Ling Poon, Jay Ho Lee, Law Offices of Yee Ling Poon, New York, NY), for Petitioner.

On submission (Michael A. Battle, United States Attorney, Western District of New York, Jane B. Wolfe, Assistant Unit-

ed States Attorney, Buffalo, NY), for Respondent.

PRESENT: WINTER, JACOBS, Circuit Judges, and GLEESON,* District Judge.

### SUMMARY ORDER

Xue Zhang Chen, a citizen of the People's Republic of China, petitions for review of a December 2, 2002 order of the Board of Immigration Appeals ("BIA"), summarily affirming an Immigration Judge's ("IJ") denial of Chen's application for asylum and withholding of removal. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

"We review the factual findings underlying the BIA's determinations under the substantial evidence standard, reversing only if 'no reasonable fact-finder could have failed to find' that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). "When a factual challenge pertains to a credibility finding made by an IJ and adopted by the BIA, we afford 'particular deference' in applying the substantial evidence standard." *Zhang v. U.S. INS*, 386 F.3d 66, 73 (2d Cir.2004) (quoting *Montero v. INS*, 124 F.3d 381, 386 (2d Cir.1997)). Where, as in this case, the BIA summarily affirms the IJ's decision and adopts the IJ's reasoning, we review the decision of the IJ directly. *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). The IJ deemed Chen incredible and, based on that ruling, concluded that Chen was ineligible for asylum and withholding of removal. That ruling was supported by substantial evidence.

Chen did not raise before the BIA the other arguments made on this appeal. As such, those arguments have not been preserved for review by this Court. *See Cervantes–Ascencio v. U.S. INS*, 326 F.3d 83, 87 (2d Cir.2003) (citing 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right....")).

For the reasons set forth above, the petition is hereby **DENIED**.