**Ding Hong SHENG and Ding**

---

1. The Honorable Frederick J. Scullin, Jr., Chief Judge, United States District Court, Northern District of New York, sitting by designation.

2. The government seeks a term of imprison-

Xiao Dan,* Petitioners,

v.

UNITED STATES DEPARTMENT OF JUSTICE and Attorney General Gonzales, Respondents.

Docket Nos. 03–4854(L), 03–4855(CON).

United States Court of Appeals, Second Circuit.

July 25, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Petitioners.

David N. Kelley, United States Attorney for the Southern District of New York, New York, NY; Patricia A. McInerney, Assistant United States Attorney, Springfield, IL, for Respondents.

Present: POOLER, SOTOMAYOR, Circuit Judges, and CHIN, District Judge.**

## SUMMARY ORDER

Ding Hong Sheng ("Ding") and his daughter, Ding Xiao Dan, petition for review of orders of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") determination that neither was entitled to asylum or withholding of removal and directing their removal to the People's Republic of China ("China"). We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues and hold as follows:

ment against Sapp.

* We request that the Clerk correct the official caption to reflect the names of petitioners as they use them.

** The Honorable Denny Chin, United States District Judge for the Southern District of New York, sitting by designation.

(1) There is substantial evidence supporting the BIA's determination that because Ding's testimony was at times evasive and vague, it was insufficiently credible to satisfy his burden of proving past persecution or a likelihood of future persecution. This testimony, which the IJ also identified as evasive, vague, and marred by inconsistencies, related to a key event in Ding's narrative of persecution, in fact, the event that allegedly caused him to flee. Therefore, the IJ and the BIA permissibly relied on it in making their credibility determinations. *See Zhang v. INS,* 386 F.3d 66, 78 (2d Cir.2004) (holding that where an event is "integral to [an] overall persecution claim" adverse credibility findings on an applicant's testimony on this event justify a general adverse credibility finding).

(2) The requirement for corroboration of Ding's testimony was reasonable and justified under both BIA and circuit precedent. *See Diallo v. INS,* 232 F.3d 279, 285–86 (2d Cir.2000) (describing BIA standard for requiring corroboration where an applicant's story is otherwise credible as allowing an expectation of corroboration or an explanation for its absence "where it would reasonably be expected" and approving that standard). In this case, the IJ found Ding not to be credible. Moreover, Ding's attorney was offered an opportunity for an adjournment to obtain Ding's wife's testimony as well as a guarantee that she would not be arrested but, apparently for tactical reasons, declined to call the wife. The attorney's explanation for failing to furnish an affidavit from Ding's wife was that "[the attorney] could not get around to get her to do an affidavit." In sum, Ding's explanations, even on their face, do not demonstrate that his wife was unavailable or that he could not have obtained an affidavit from her.

(3) Ding's claims that (1) even if his sterilization was not involuntary, he will be subjected to persecution in China because he has four children; (2) he will be subjected to persecution upon his return because his illegal departure will mark him as a person who has political opinions different from those of the Chinese regime; and (3) he is eligible for relief under the Convention Against Torture, are unexhausted because they were not presented to the BIA and, thus, will not be reviewed. *See Cervantes–Ascencio v. INS,* 326 F.3d 83, 87 (2d Cir.2003).

(4) We have considered the remainder of Ding's arguments and found that they lack merit.

(5) Ding Xiao Dan's petition for review is wholly derivative of her father's. Because she offered no evidence at the hearing and advances no separate arguments, there is no basis for granting her petition for review.

Therefore, both petitions for review are denied. This disposition also vacates the stay of removal previously granted in this matter.