**QI YING WANG, Petitioner,**

v.

**United States Department of Justice, Attorney General GONZALES, Respondent.**

**Docket No. 03–4034–AG.**

United States Court of Appeals, Second Circuit.

Oct. 11, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Robert G. Trusiak, Assistant United States Attorney for Michael A. Battle, United States Attorney for the Western District of New York, Buffalo, NY, for Respondent.

PRESENT: STRAUB, SOTOMAYOR, and HALL, Circuit Judges.

In her petition for review, Wang asserts that the Immigration Judge ("IJ") erred in denying her application for asylum and withholding of removal because the IJ's adverse credibility determination that "her testimony [was] non-plausible, insufficiently documented and … that she did not testify credibly" was not supported by substantial evidence. [JA 49] Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). In doing so, we defer to the IJ's factual findings if they are supported by "substantial evidence." *Wu*

*Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (quotation marks and citation omitted). "Under this standard, we will not disturb a factual finding if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Id.* (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). This Court grants "particular deference" to the credibility findings of the IJ. *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997).

We find that substantial evidence supported the IJ's adverse credibility determination. The IJ found implausible Wang's testimony that Chinese family planning officials would insist on forcibly inserting her with an IUD when they had foregone doing so for four years because of her alleged womb infection and when, by her own admission, the Chinese family policy permitted a family whose first child was a girl to have a second child after four years. [JA 49] Further, the IJ found "most disturbing" that Wang had failed to mention her purported abortion at either her airport interview or during her initial hearing before an asylum officer two weeks later despite her admission that the questions posed to her were in a language she understood. Wang attempted to provide explanations for these features of her testimony, but once we are satisfied that a reasonable finder of fact could find her story implausible, it is not our role in reviewing the IJ's determination to "justify the contradictions or explain away the improbabilities. *See Zhou Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004). When an IJ's adverse credibility finding is based on "specific examples in the record of inconsistent statements by the asylum applicant about matters material to his [or her] claim of persecution, or on ... inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Id.* (internal quotation marks and citation omitted).

Wang also objects that the IJ failed to consider some of the documentary evidence she proffered and relied improperly on a State Department Report to discount her testimony. In light of the IJ's determination that material portions of Wang's testimony were not credible, this argument does not compel the conclusion that she met her burden of establishing either past persecution or a well-founded fear of future persecution based on China's family planning policies.

Finally, to the extent that Wang seeks relief under the Convention Against Torture ("CAT"), we do not consider the claim because she did not timely raise it before the BIA. *See Cervantes–Ascencio v. United States INS,* 326 F.3d 83, 87 (2d Cir. 2003).

For these reasons, the petition for review is DENIED.