**Donike SHYTI, Petitioner,**

v.

**Alberto R. GONZALES,\* United States Attorney General, Respondent.**

**No. 04–6270–ag.**

United States Court of Appeals, Second Circuit.

May 16, 2006.

---

\* The Clerk of the Court is directed to substitute Alberto R. Gonzales for his predecessor, John Ashcroft, as Attorney General of the United States pursuant to Fed. R.App. P. 43(c)(2).

Aleksander Milch, Christophe & Associates, P.C., New York, NY, for Petitioner.

Russell E. Marsh, Assistant United States Attorney (Robert L. Ellman, Chief, Appellate Division, United States Attorney's Office for the District of Nevada, Daniel G. Bogden, Assistant United States Attorney, on the brief), Las Vegas, NV, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 16th day of May, two thousand and six.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review of an order of the Board of Immigration Appeals ("BIA") is DISMISSED.

Petitioner Donike Shyti ("Shyti") petitions for review of the BIA's November 8, 2004 summary affirmance of the April 16, 2003 order of Immigration Judge Adam Opaciuch (the "IJ") denying her motion to reopen her removal proceeding, in which she had been ordered removed *in absentia* on February 7, 2001 pursuant to 8 U.S.C. § 1229a(b)(5)(A) for failing to appear at her hearing. Shyti had sought to reopen the proceeding on the ground that she had been denied her right to the effective assistance of counsel under the Due Process Clause of the Fifth Amendment to the Constitution. We assume the parties' familiarity with the facts in this case, the relevant procedural history, and the issues on appeal.

Shyti failed to preserve the threshold question presented on this appeal—whether her motion to reopen was timely filed pursuant to the doctrine of equitable tolling—because she did not present the claim to the BIA. *See Cervantes–Ascencio v. U.S. INS,* 326 F.3d 83, 87 (2d Cir.2003). In her brief to the BIA, Shyti argued only that the IJ erred in concluding that she had failed to comply with the procedural requirements of *Matter of Lozada,* 19 I. & N. Dec. 637, 639, 1988 WL 235454 (BIA 1988), for presenting a claim of ineffective assistance to the BIA because Martin Vulaj, her former attorney, had surrendered his license to practice law and it was therefore unnecessary to give him an opportunity to respond to Shyti's allegations. Because Shyti did not preserve the threshold claim, we need not consider whether she sufficiently complied with the *Lozada* requirements. Were we to consider the threshold claim, however, we would conclude that the IJ did not err and therefore deny the petition for review.

A removal order entered *in absentia* may be rescinded either "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances," *id.* § 1229a(b)(5)(C)(i), or "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice," *id.* § 1229a(b)(5)(C)(ii). "When the BIA has applied the correct law, its decision to deny a motion to reopen deportation proceedings is reviewed to determine whether the decision was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law." *Iavorski v. U.S. INS*, 232 F.3d 124, 128 (2d Cir. 2000) (citation and internal quotation marks omitted). Where, as here, the BIA summarily adopted the IJ's decision, we review the decision of the IJ directly. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005).

There is no dispute that notice of the February 7, 2001 hearing date was mailed to Shyti's counsel at his correct address on December 28, 2000. Shyti is thus deemed to have received notice of the hearing, 8 U.S.C. § 1229(a)(1); *Song Jin Wu v. INS*, 436 F.3d 157, 162 (2d Cir.2006), and we see no reversible error in the IJ's denial of Shyti's motion insofar as the motion was based on § 1229a(b)(5)(C)(ii).

Insofar as Shyti's motion was based on 8 U.S.C. § 1229a(b)(5)(C)(i) and the "exceptional circumstance" that she was denied the effective assistance of counsel, and was therefore subject to a 180–day filing deadline, Shyti seeks to toll the period on the ground that counsel failed to advise her of the February 2001 hearing, to notify her of the removal order, and to move to reopen the case after repeatedly assuring her that he would do so. Although we have not previously considered whether the limitations period of this statutory provision is subject to equitable tolling, we have held that Congress's 1990 amendment to the Immigration and Nationality Act instructing the Attorney General to issue regulations establishing a filing deadline for motions to reopen created filing limitations that are subject to equitable tolling and therefore not jurisdictional. *Iavorski*, 232 F.3d at 133. We have held also that even where equitable tolling is permitted, the petitioner must have acted with due diligence during the period he or she seeks to have tolled. *Id.* at 134.

Here, the IJ concluded that even if the limitations period could be tolled due to ineffective assistance of counsel, Shyti failed to exercise due diligence after she had learned of counsel's conduct. Shyti's affirmation submitted with her motion to reopen indicates that she was made aware, in July 2001, that her case had been "closed" notwithstanding the fact that she had never been notified of a hearing date. The affirmation indicates also that she learned in March 2002 that Vulaj no longer practiced law and that Isejin Marku, Vulaj's former law partner, would be handling her case. Shyti did not meet with Marku for another month, however, at which point he told her that Vulaj "did not do what he was supposed to do," and Shyti waited approximately six to seven months after this meeting before inquiring again about the status of her case. Shyti ultimately retained a new attorney in March 2003 and filed her motion to reopen on March 20, 2003, over two years after she was ordered removed *in absentia* and approximately one year after she learned that Vulaj was no longer an attorney. Although some delay in filing the motion may have been justified by Vulaj's reassurances, as the IJ acknowledged, the one-year delay after Shyti learned of Vulaj's failure to act on her case was not justified. In the circumstances presented here, even if the issue were preserved for review, we

would not need to determine whether the 180–day period for filing a motion to reopen under 8 U.S.C. § 1229a(b)(5)(C)(i) may be equitably tolled because we have little difficulty, particularly given our deferential standard of review, sustaining the IJ's refusal to toll the statute for the period that would be necessary to make Shyti's motion timely.

For the foregoing reasons, Shyti's petition for review is DISMISSED.