08-6301-cv
Gildernew v. Gantner

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

---

August Term, 2009

(Argued: January 25, 2010          Decided: February 4, 2010)

Docket No. 08-6301-cv

---

FRANCIS B. GILDERNEW,

*Plaintiff-Appellant,*

–v.–

ANDREA QUARANTILLO, District Director, New York City
District Office, United States Citizenship and Immigration
Services; EDUARDO AGUIRRE, Director of the United States
Citizenship and Immigration Services; JANET NAPOLITANO,[1]
Secretary of the Department of Homeland Security;
ERIC H. HOLDER, JR., Attorney General of the United States;
UNITES STATES CITIZENSHIP AND IMMIGRATION SERVICES, BUREAU
OF CUSTOMS AND BORDER PROTECTION; KIP HAWLEY, Administrator
of Transportation Security Administration

*Defendants-Appellees.[2]*

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Janet Napolitano has automatically been substituted for Michael Chertoff as a defendant in this action in her official capacity as Secretary of the Department of Homeland Security.

[2] The Clerk of the Court is respectfully directed to amend the official caption in this action to conform to the caption in this opinion.

Before:

LEVAL, STRAUB, AND WESLEY, *Circuit Judges*.

Appeal from an order of the United States District Court for the Southern District of New York (Berman, *J.*), entered on October 30, 2008, denying Plaintiff's motion for summary judgment and granting Defendants' cross-motion for summary judgment.

AFFIRMED.

---

EAMONN DORNAN, Dornan & Associates, P.L.L.C., New York, New York, *for Plaintiff-Appellant*.

F. JAMES LOPREST, JR., United States Attorney's Office for the Southern District of New York (DAVID S. JONES, *of counsel*), New York, New York, *for Defendants-Appellees*.

---

PER CURIAM:

Plaintiff, a native and citizen of Ireland, commenced this action seeking, *inter alia*, a declaratory judgment that he was entitled to naturalize, as well as a grant of naturalized citizenship following the denial of his application by the United States Citizenship and Immigration Services ("CIS"). Plaintiff contends that the CIS improperly denied his application because his absence from the country for over fourteen months – from September 16, 2004 to November 23, 2005 – does not, as the CIS contends,

disqualify him from naturalized citizenship under 8 U.S.C. § 1427. The United States District Court for the Southern District of New York (Berman, *J.*) denied Plaintiff's motion for summary judgment and granted the Defendants' cross-motion for summary judgment, thereby affirming the decision of the CIS. *Gildernew v. Quarantillo*, No. 05 Civ. 10851(RMB), 2008 WL 4938289 (S.D.N.Y. Oct. 29, 2008). Plaintiff now appeals from that ruling.

## Background

On February 13, 2002, Plaintiff applied to the New York District office of the former Immigration and Naturalization Service ("INS") to become a naturalized citizen of the United States. On December 10 of that year, he appeared before the agency for a naturalization exam and demonstrated his fitness for citizenship by satisfying certain statutory criteria, including a basic knowledge of United States history and the ability to communicate in English.

In April of 2004, while his application was still pending, Plaintiff applied to the CIS (the successor agency to the INS) for a reentry permit to allow him to return to

the United States after a proposed trip to Ireland to "take care of family affairs." Plaintiff indicated that he expected to leave the United States in June of 2004 and remain abroad for one year. He did not indicate that he was an applicant for naturalized citizenship.

In September of 2004, Plaintiff voluntarily left the United States. Plaintiff alleges that in April 2005, he presented for inspection at the United States Bureau of Customs and Border Protection ("CBP") at Dublin Airport in Ireland, but was told that he could not enter the United States because he was on the "no-fly" list maintained by the Transportation Security Administration ("TSA"). Upon a finding that there was "no derogatory information" on file to preclude Plaintiff's admission to the country, he was ultimately permitted to return to the United States in November of 2005.

On May 8, 2006, the CIS notified Plaintiff that his application for naturalized citizenship had been approved and scheduled a ceremony for his oath of citizenship to be administered later that month. However, when the CIS learned that Plaintiff had been outside the country for over

fourteen months, the agency issued a motion to reopen his application. On July 17, 2006, the CIS denied Plaintiff's application because his absence from the country for over one year while his application was pending made him ineligible for naturalized citizenship.

The agency relied on 8 U.S.C. § 1427, which provides in relevant part, "[n]o person, except as otherwise provided in this subchapter, shall be naturalized unless such applicant ... has resided continuously within the United States from the date of the application up to the time of admission to citizenship." § 1427(a)(2). The statute further provides that "[a]bsence from the United States for a continuous period of one year or more during the period for which continuous residence is required for admission to citizenship (whether preceding or subsequent to the filing of the application for naturalization) shall break the continuity of such residence." § 1427(b).

**Discussion**

We review *de novo* a district court's grant of summary

judgment.  *See Sheppard v. Beerman*, 317 F.3d 351, 354 (2d Cir. 2003).  We are faced with the question of whether 8 U.S.C. § 1427 precludes the naturalization of the Plaintiff on the facts of this case.  Because we conclude that it does, the judgment of the district court is affirmed.

Plaintiff first argues that the one-year absence bar in § 1427(b) applies only to the period preceding the naturalization interview, and does not extend to the period following the interview.  That argument is unavailing because it is clearly contrary to the language of the statute.  By its terms, § 1427(b) applies to the entire period for which continuous residence is required, "whether preceding or subsequent to the filing of the application for naturalization."  Plaintiff indicates no statutory exception that applies to his case.

Plaintiff does rely on language in the paragraph preceding the one quoted above, which provides that "[a]bsence from the United States of more than six months but less than one year during the period for which continuous residence is required for admission to citizenship, immediately preceding the date of filing the

application for naturalization, or during the period between the date of filing the application and the date of any hearing under section 1447(a) of this title, shall break the continuity of such residence." § 1427(b). Plaintiff would have us read that paragraph to define the "period for which continuous residence is required" as only that period "immediately preceding the date of filing the application for naturalization." That argument fails because it is based on a misreading of the statute.

First, the paragraph relied upon by Plaintiff applies only to absences ranging from six months to less than one year, as its prefatory words clearly indicate. And second, even if that first paragraph of § 1427(b) did apply to the circumstances of Plaintiff's case it would not save him. The paragraph does not, as Plaintiff maintains, limit the continuous residency requirement to that period of time preceding the filing of the application, nor even to that period of time preceding the naturalization interview. The next clause clearly states: "*or during the period between the date of filing the application and the date of any hearing under section 1447(a) of this title*." §

1427(b)(emphasis added). Section 1447(a) provides for an administrative hearing before an immigration officer following the denial of an application for naturalization. The two clauses, read together, therefore embody the entire relevant period with respect to continuous residence: the period immediately *preceding* the filing of the application, and the period *subsequent* to the filing of the application until the sooner of the applicant's admission to citizenship, or an administrative hearing following denial of the application. Because Plaintiff's § 1447(a) hearing occurred on or around November 26, 2006, over one year *after* his return to the United States, even if the first paragraph of § 1427(b) applied to the facts of Plaintiff's case it would clearly be no help to him.

Plaintiff further contends that nothing in the legislative history surrounding § 1427 suggests that Congress intended for the one-year absence bar to apply against post-interview absences. But because the statute is clear and unambiguous, we will not endeavor to divine the intent of Congress by resort to legislative history. *See Cervantes-Ascencio v. INS*, 326 F.3d 83, 86 (2d Cir. 2003).

Finally, while Plaintiff concedes that his initial departure was voluntary, he maintains that his continued absence was involuntary because the CBP would not permit him to reenter the country in April of 2005, as he originally intended. Plaintiff argues that it is unfair to deny him eligibility because he attempted to return to the United States at that time, but was prohibited from boarding his flight as the result of bureaucratic errors on the part of the Defendant-agencies. Even assuming that relief from the clear terms of the statute would be warranted under a different set of facts, the circumstances of this case do not support such a result. Plaintiff is neither exempt from the continuous residence requirement nor does he present a set of facts that would warrant an estoppel.

**Conclusion**

The Court has reviewed Plaintiff's remaining arguments and finds them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**