Gjok STAKA, Petitioner,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, Attorney General
Gonzales, Respondent.

No. 03–41065.

United States Court of Appeals,
Second Circuit.

June 3, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Shamoil T. Shipchandler, Assistant United States Attorney, Eastern District of Texas, Plano, TX (Matthew D. Orwig, United States Attorney, Eastern District of Texas, on the brief), for Respondent.

Present: OAKES, KEARSE, and POOLER, Circuit Judges.

## SUMMARY ORDER

Gjok Staka petitions for review of an order of the Board of Immigration Appeals affirming with opinion an order of an Immigration Judge directing Staka's removal and denying his petition for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the facts, proceedings below, and specification of issues and hold as follows.

■ (1) We cannot set aside the determination that Staka failed to establish that he suffered past persecution because it is supported by substantial evidence. *See Zhang v. U.S. INS,* 386 F.3d 66, 73 (2d Cir.2004). The three actual witnesses to Staka's sister's death stated only that she was killed during an altercation between Socialists and members of the Democratic Party. They did not verify Staka's hearsay allegation that his sister's killer told her she was targeted because she supported the Democrats or even that she was an intentional victim. Moreover, even an intentional targeting of Staka's sister on political grounds would not establish that Staka suffered past persecution. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 n. 2 (2d Cir.1999).

■ (2) Nor did the immigration judge—or the Board of Immigration Appeals—err in holding that Staka failed to show a well-founded fear of future persecution. Having determined that Staka failed to show that his sister's killing was motivated by politics, the immigration judge reasonably declined to view the killing as objective proof that would demonstrate a well-founded fear of future persecution. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004) (holding that proving a well-founded fear of future persecution requires objective proof of a basis for the fear). Although Staka now contends that the immigration judge should have found that background materials he offered established a well founded fear of future persecution, he did not make this argument to the Board of Immigration Appeals, and we will not consider it. *See Cervantes–Ascencio v. U.S. INS,* 326 F.3d 83, 87 (2d Cir.2003). Finally, Staka's claim that the immigration judge erroneously required him to prove that he would incur persecution countrywide rests on the erroneous assumption that the immigration judge found past persecution. Absent proof of past persecution, the burden of proving a likelihood of future persecution is on the petitioner. *Ramsameachire,* 357 F.3d at 178.

■ (3) Because Staka failed to demonstrate entitlement to asylum, he also failed

to demonstrate entitlement to withholding of removal. *Zhang*, 386 F.3d at 71.

■ (4) Because Staka did not exhaust his Convention Against Torture claim, it is not preserved for judicial review. *Cervantes–Ascencio*, 326 F.3d at 87.

(5) We have considered and rejected all of Staka's remaining arguments.

We therefore deny the petition for review. Staka's motion for a stay of removal pending appeal is also denied.