**Valeri DAVIDENKO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, District Director Edward McElroy, Attorney General John Ashcroft, Respondents.**

Docket No. 03–40268.

United States Court of Appeals,
Second Circuit.

July 21, 2005.

Heidi J. Meyers, Law Office of Heidi J. Meyers, New York, NY, for Petitioner.

Richard W. Sponseller, Assistant United States Attorney, Alexandria, VA (Paul J. McNulty, United States Attorney, Eastern District of Virginia, on the brief), for Respondent.

PRESENT: JACOBS, B.D. PARKER,

Circuit Judges. and HURD * District Judge.

### SUMMARY ORDER

Valeri Davidenko, a citizen of Belarus, petitions for review of a June 2003 order of the Board of Immigration Appeals ("BIA"), denying his motion to reconsider a February 2003 BIA order. The February 2003 order affirmed an Immigration Judge's ("IJ") denial of Davidenko's application for asylum and withholding of removal. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

Because Davidenko did not file a petition for review of the BIA's February 2003 order, we have jurisdiction to review only the BIA's June 2003 order denying Davidenko's motion to reconsider. *Ke Zhen Zhao v. U.S. DOJ*, 265 F.3d 83, 89 (2d Cir.2001). We review the BIA's denial of Davidenko's motion under the abuse of discretion standard. *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004).

"[A] motion for reconsideration must specify the errors of fact or law in the Board's decision and be supported with pertinent authority." *Ke Zhen Zhao*, 265 F.3d at 90. The BIA determined correctly that Davidenko's motion papers failed to identify any specific legal or factual errors. Accordingly, the BIA did not abuse its discretion.

In addition to seeking review of the BIA's denial of the motion for reconsideration, Davidenko argues that the IJ erred in determining that he was ineligible for relief under the Convention Against Torture. However, Davidenko did not raise this claim to the IJ or the BIA, and it is

* The Honorable David N. Hurd, United States District Judge for the Northern District of

therefore not preserved for review by this Court. *See Cervantes–Ascencio v. INS*, 326 F.3d 83, 87 (2d Cir.2003) (citing 8 U.S.C. § 1252(d) ("A court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right....")).

The petition is hereby DENIED and the stay of deportation is hereby lifted.