**Medianna SHKEMBI and Jurgen Marku, Petitioners,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

Nos. 04–3710–AG(L), 04–3713–AG NAC.

United States Court of Appeals, Second Circuit.

Nov. 29, 2005.

Charles Christophe, New York, New York, for Petitioners.

John J. Gaupp, Catherine M. Maraist, Assistant United States Attorneys (David R. Dugas, United States Attorney), Baton Rouge, Louisiana, for Respondent.

Present: RAGGI, WESLEY, and HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review of

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

the decision of the Board of Immigration Appeals ("BIA") is hereby DENIED and the BIA's order is AFFIRMED. The motion for a stay of removal is DENIED as moot.

Mediana Shkembi (lead petitioner) and Jurgen Marku (consolidated petitioner) petition for review of a BIA decision affirming the Immigration Judge's ("IJ") decision denying their application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms or adopts the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ's factual findings under the substantial evidence standard: "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d, 279, 287 (2d Cir.2000)).

■ The IJ determined that Shkembi did not establish facts rising to the level of past persecution because (1) there was no evidence that Shkembi was a member of a particular social group; (2) there is no evidence that the attack against her family rises above harassment by a criminal element; and (3) because the perpetrator of the bomb attack was caught and sentenced to prison, there is no evidence of persecution by a group that the government is unwilling or unable to control. This Court reviews *de novo* an IJ's application of legal principles to the particular facts. *See Secaida–Rosales*, 331 F.3d 297, 307 (2d Cir. 2003). Here, the IJ's finding that Shkembi did not suffer past persecution was correct.

To establish asylum eligibility based on future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). The IJ determined that Shkembi testified credibly, and that she subjectively feared harm from criminal elements upon return to Albania. However, the IJ concluded that Shkembi's fear of returning to Albania was not objectively reasonable because her family remains in Albania unharmed and because she returned to Albania numerous times without incident before coming to the United States.

■ The record supports the IJ's conclusion that Shkembi's fear of future persecution was not reasonable. There is no evidence in the record that Shkembi was harmed during her return trips to visit her family in Albania, or that her family is currently being persecuted in Albania. The IJ's determination that her fear is not objectively reasonable is therefore supported by substantial evidence.

Finally, Shkembi failed to appeal the IJ's findings with respect to the CAT basis of relief to the BIA. She therefore did not exhaust all administrative remedies available to her, and this Court lacks jurisdiction to review the IJ's findings with respect to relief under the CAT. *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005); *Cervantes–Ascencio v. INS*, 326 F.3d 83, 87 (2d Cir.2003).

For the foregoing reasons, the petition for review is hereby DENIED and the BIA's order is AFFIRMED. The motion for a stay of removal is also DENIED as moot.