**HONG ZHU ZHANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–3620–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 2, 2005.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Alexander K. Yu, New York, New York, for Petitioner.

Robert G. McCampbell, United States Attorney for the Western District of Oklahoma, Frank Michael Ringer, Assistant United States Attorney, Oklahoma City, Oklahoma, for Respondent.

Present: NEWMAN, RAGGI, and WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is

hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Hong Zhu Zhang, through counsel, petitions for review of the BIA decision affirming the immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms or adopts the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–07 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 287–88 (2d Cir.2000).

■ In this case, the IJ found that Zhang's testimony was not consistent and portions were not plausible. The IJ found that Zhang was not credible because (1) there were omissions from her asylum application that were not adequately explained and (2) there was at least one major discrepancy between her application and her hearing testimony. The IJ's finding that Zhang's explanation for the omission was inadequate is supported by substantial evidence, and a proper basis on which to find her not credible, as long as it is combined with inconsistencies in the record. *Diallo v. INS,* 232 F.3d 279, 287–88 (2d Cir.2000). The IJ's characterization of the major discrepancy is also accurate. This inconsistency, regarding the alleged disposal of the aborted fetus goes to a fundamental aspect of Zhang's asylum claim, and is therefore a persuasive basis for an adverse credibility finding. As such, it withstands this Court's deferential review.

■ Additionally, the IJ found that even if Zhang was credible, she did not meet her burden of establishing eligibility for asylum because (1) The IJ did not accept Zhang's explanation for why her family members could not provide written statements in support of her claim; (2) Zhang's explanation for failure to provide medical documentation of her numerous abortions was not convincing; and (3) Zhang failed to produce records for the years of her gynecological examinations during the years of her alleged abortions even though she had records for 1998 and 1999.

■ Corroboration of the applicant's personal experiences may be reasonably expected, but only under certain circumstances. *See Diallo,* 232 F.3d at 288. "Applicants must supply supporting documentation only if it 'is of the type that would normally be created or available in the particular country and is accessible to the alien, such as through friends, relatives, or co-workers.'" *Id.* at 288—89 (quoting *In re S–M–J–,* 21 I. & N. Dec. 722, 726, 1997 WL 80984 (BIA 1997)). Here, the IJ's refusal to accept Zhang's explanation for the absence of corroboration from family members was reasonable, because Zhang failed to show that the supporting documentation would be unavailable to her, she merely stated that it would be inconvenient to obtain it. The record reflects that documentation of her procedures was, at least at one time, available to Zhang. It is not unreasonable for the IJ to decide that Zhang's explanation that all the certificates had been destroyed or misplaced was not plausible, and that she should have been able to present some

documentation of her abortions. Finally, the IJ was reasonable in determining that she should have been able to produce some written documentation reflecting her gynecological history during the years of her alleged procedures. This finding is also supported by substantial evidence.

■ The IJ's determination that Zhang failed to meet her burden of establishing eligibility for asylum is substantially supported by the record as a whole. Because this decision is sufficiently supported, it necessarily follows that Zhang was also unable to establish eligibility for withholding of removal. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 183 (2d Cir.2004).

■ Finally, because Zhang did not explicitly include the IJ's CAT determination in her bases for appeal to the BIA, and did not explicitly address the IJ's CAT findings in her brief to the BIA, Zhang failed to exhaust all the administrative remedies available to her as required by 8 U.S.C. § 1252(d)(1). This Court, therefore, does not have jurisdiction to review the IJ's findings with respect to relief under the CAT. *See Cervantes–Ascencio v. U.S. INS,* 326 F.3d 83, 87 (2d Cir.2003).

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).