**Gurmail SINGH, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

No. 04–1335.

United States Court of Appeals, Second Circuit.

Jan. 26, 2006.

Martin Resendez Guajardo, San Francisco, California, for Petitioner.

Stephen P. Sinnott, U.S. Atty., for the Western District of Wisconsin, Daniel J. Graber, Asst. U.S. Atty., Madison, Wisconsin, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, of this petition for review of the Board of Immigration Appeals ("BIA") decision it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Gurmail Singh petitions for review of the February 17, 2004, decision of the BIA dismissing an appeal from an immigration judge's ("IJ's") denial of his motion to reopen exclusion proceedings. We assume the parties' familiarity with the facts and procedural history of this case.

Denials of motions to reopen, including motions to reopen challenging orders of removal entered *in absentia*, are reviewed for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). When reviewing a motion to reopen, an IJ must consider the record as a whole and issue a reasoned opinion. *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 97 (2d Cir. 2001). Under the pre-IIRIRA regime, when a respondent has been given proper notice of the time and place of a hearing but fails to appear, the IJ "shall conduct an *in absentia* hearing." 8 C.F.R. § 3.26(a) (1995) (recodified at 8 C.F.R. 1003.26(a) (2004)); *See Twum*, 411 F.3d at 57. However, where "an alien later establishes that he [or she] had reasonable cause for his [or her] failure to appear, the Immigration Judge's order may be vacated and proceedings may be reopened." *Id.* (citations omitted).

Normally, a valid excuse for an alien's absence will be adjudged reasonable under the circumstances of the case and will be substantiated by evidentiary material or an affidavit. *Id.* at 58. Lack of proper notice of the proceedings constitutes reasonable cause. *Id.* at 62. In this case, Singh argues, *inter alia*, that he did not appear for his exclusion proceedings because the hearing notice was not sent to either of the two addresses provided by counsel. Singh's attorney provided the Court with the following address: "44–32 64th Street, # 2 FL, Woodside, N.Y. 11377"; yet the hearing notice sent to Singh was addressed to: "44–32 64th Street, 2nd Floor, Woodside, N.Y. 11377."

The BIA has ruled that former INA § 242B is satisfied so long as the IJ conveys notice of a deportation hearing in person or by certified mail to the alien's last known address, regardless of whether the notice is actually received by the alien. *See Fuentes–Argueta v. INS*, 101 F.3d 867, 871 (2d Cir.1996). We conclude that it was entirely reasonable for the INS to interpret "# 2 FL" to mean "2nd Floor," and, in the absence of any evidence that the notice was not received at that address or returned as undeliverable, to rule that Singh had not shown reasonable cause for his failure to appear at the May 5, 1992, exclusion hearing, which was conducted *in absentia*. The motion to reopen, based on failure to receive notice of the exclusion hearing, was properly denied.

We also find that the BIA did not abuse its discretion in denying Singh's motion for an extension of time to file his brief because, as Singh concedes, the motion was not properly filed. Finally, we lack jurisdiction to consider Singh's claim that the BIA's failure to provide a transcript of the hearing on his motion to reopen constitutes a denial of due process because this claim was not presented to the BIA. *See Cervantes–Ascencio v. U.S. INS*, 326 F.3d 83, 87 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).