**Yi Li CHEN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 03–40423–AG.**

United States Court of Appeals, Second Circuit.

Feb. 16, 2006.

---

Vlad Kuzmin, New York, New York, for Petitioner.

Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, Sidney P. Alexander, Assistant United States Attorney, Asheville, North Carolina, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. CHESTER J. STRAUB, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Yi Li Chen petitions for review of the BIA's April 2003 decision affirming an im-migration judge's ("IJ's") denial of Chen's claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *adopted,* S. Treaty Doc. No. 100–20 (1988). We assume the parties' familiarity with the facts and procedural history of this case.

This court reviews the IJ's decision where, as here, the BIA summarily affirmed the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This court reviews the agency's factual findings, including adverse-credibility determinations, under the substantial-evidence standard, reversing them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

The IJ's adverse-credibility finding is based on inconsistencies in Chen's testimony and implausibilities in Chen's story. We find that the IJ, as a reasonable adjudicator, was not compelled to credit Chen's explanation that he could not register the marriage until 1990 because his wife was not of age until then, since Chen had previously testified that he had registered the marriage in 1988. *See Zhou Yun Zhang,* 386 F.3d at 74. With regard to the events of September 25, 1990, Chen's testimony that he was on his way home from fishing when he saw the family-planning officials already at his home—causing him to drop his fish and run—is at odds with his wife's statement that Chen was already home when the group of cadres came into their house. Although this inconsistent testimony bears a legitimate nexus to an adverse-credibility finding, it is not necessarily fatal to Chen's claim. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000).

The remainder of the IJ's findings are based almost entirely on speculation and conjecture. Chen's testimony

that he had been taken to the Guan Tao government office after he had been arrested is not necessarily inconsistent with his wife's statement that he had been taken to a border-patrol office. The IJ's conclusion that these statements are inconsistent is speculative because there is no evidence in the record to demonstrate that the Guan Tao government office and the border-patrol office were not the same locale. *See Secaida–Rosales v. INS,* 331 F.3d 297, 312 (2d Cir.2003). Although Chen's testimony about the relationship between the family-registration office and the family-planning office is confusing, the IJ's finding that Chen contradicted himself is conclusory because it does not provide any specific or cogent reasoning to establish that Chen contradicted himself. *See id.* at 307. In addition, we find no evidence in the record to support the IJ's finding that it was implausible that Chen had not experienced any difficulties during either of the times that he was in hiding. Similarly, there is no evidence to support the IJ's conclusion that it is implausible for Chen and another fugitive to be staying at the same home. Lastly, we find no reasoned basis for the IJ's finding that it was implausible that Chen was able to get on a plane to depart Beijing if he was truly wanted by the authorities.

■ Chen argues that the IJ improperly failed to elicit any information about his documents prior to deeming them inadmissible. *Petitioner's Brief* at 16. However, Chen failed to preserve this issue by not raising it before the BIA. Accordingly, this court does not have jurisdiction to review this claim. *See* 8 U.S.C. § 1252(d)(1)(2000); *Cervantes–Ascencio v. INS,* 326 F.3d 83, 87 (2d Cir.2003).

■ Finally, Chen waived any challenge to the IJ's finding with respect to his CAT claim by not substantively discussing in his brief why he met his burden of showing that it is more likely than not that he would be tortured if removed to China. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

■ The IJ relied on speculation and conjecture in many of her findings. Vacatur is appropriate here because, "the erroneous aspects of the IJ's reasoning are not tangential to the findings she made, and the evidence supporting her findings is not so overwhelming" as to make remand futile. *Cao He Lin v. DOJ,* 428 F.3d 391, 406 (2d Cir.2005).

The majority of the IJ's findings are not supported by substantial evidence in the record. The decision of the BIA is accordingly VACATED and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, the stay of removal that the court previously granted in this petition is VACATED.