**Lucien OUANGRE, Petitioner,**

**v.**

Alberto R. GONZALES,* Attorney
General of the United States,
Respondent.

No. 04-1507.

United States Court of Appeals,
Second Circuit.

March 3, 2006.

H. Raymond Fasano, Madeo & Fasano,
New York, NY, for Petitioner.

George Jackson, III, Assistant United
States Attorney, (Patrick J. Fitzgerald,
United States Attorney, James P. Fleiss-
ner, Carole J. Ryczek, Assistant United
States Attorneys), Northern District of Il-
linois, Chicago, IL, for Respondent, of
counsel.

PRESENT: Hon. AMALYA L.
KEARSE, Hon. ROBERT D. SACK,
Circuit Judges, and Hon. TIMOTHY C.
STANCEU,[2] Judge.

## SUMMARY ORDER

Lucien Ouangre petitions for review of
the BIA decision affirming the immigra-
tion judge's ("IJ") decision denying his
application for asylum, withholding of re-
moval, and relief under the Convention
Against Torture ("CAT"). We assume
that the parties and counsel are familiar
with the facts and the procedural history
of this case.

This Court reviews the IJ's decision di-
rectly where, as here, the BIA summarily
affirms or adopts the IJ's decision without
opinion. *See Twum v. INS,* 411 F.3d 54,
58 (2d Cir.2005). We review the IJ's find-
ings of fact, including adverse credibility
findings, under the substantial evidence
standard. Accordingly, we will vacate
findings that are based on flawed reason-
ing, misunderstanding of evidence, or erro-
neous legal standards. *See Secaida–Ro-
sales v. INS,* 331 F.3d 297, 307 (2d Cir.
2003). We will not overrule a finding un-
less a reasonable adjudicator would be
compelled by the evidence to reach a con-
clusion contrary to that reached by the IJ.
*See* 8 U.S.C. § 1252(b)(4)(B).

The absence of any evidence of
Ouangre's past persecution in the record
or any other relevant evidence supports
the IJ's conclusion that Ouangre neither
suffered from past persecution nor had a
well-founded fear of future persecution on
account of one of the statutorily protected
grounds. The IJ's conclusion that
Ouangre did not establish eligibility for
asylum or withholding of removal is sub-
stantially supported by the record as a
whole.

Because Ouangre did not appeal the IJ's
findings with respect to his CAT claim to
the BIA, he failed to exhaust all adminis-
trative remedies available to him with re-
spect to that claim, which precludes this
court from exercising jurisdiction over it.
*See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420
F.3d 82, 86 (2d Cir.2005); *Cervantes–As-
cencio v. INS,* 326 F.3d 83, 87 (2d Cir.
2003).

Ouangre's pending motion for a stay of
removal is denied as moot. For the fore-

---

* Pursuant to Federal Rule of Appellate Proce-
  dure 43(c)(2), Attorney General Alberto R.
  Gonzales is automatically substituted for for-
  mer Attorney General John Ashcroft.

2. The Honorable Timothy C. Stanceu, of the
   United States Court of International Trade,
   sitting by designation.

going reasons, the petition for review is hereby DENIED.