**JIAN KE LIN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto**

R. Gonzales,[1] Respondents.

No. 04–2850–AG.

United States Court of Appeals,
Second Circuit.

April 4, 2006.

David X. Feng, New York, New York, for Petitioner.

Michael Sullivan, United States Attorney, District of Massachusetts, Michael Sady, Assistant United States Attorney, Boston, Massachusetts, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 4th day of April, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jian Ke Lin petitions for review of a final order of the BIA affirming an immigration judge's ("IJ") decision, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under 8 U.S.C. § 1252(d)(1), a petitioner must exhaust all administrative remedies available to him as of right. A petitioner's failure to exhaust precludes review on appeal to this Court. *See Cervantes–Ascencio v. U.S.I.N.S.*, 326 F.3d 83, 86 (2d Cir.2003). Section 1252(d)(1) has been held to, more specifically, preclude review by this Court of *issues* not raised below. *See Gill v. I.N.S.*, 420 F.3d 82, 85–87 (2d Cir.2005) citing, *inter alia, Foster v. INS*, 376 F.3d 75, 77 (2d Cir.2004). This Court, however, may assume jurisdiction even if a claim was not administratively exhausted to avoid manifest injustice. *See id.* at 87 citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 53 (2d Cir.2004).

Lin's appeal to the BIA challenged the denial of his asylum and withholding of removal claims, but did not challenge the adverse credibility finding. That finding, which rests on inconsistencies and implausibilities in his testimony and the lack of documentary corroboration, was the basis for the IJ's holding. Lin did not at all challenge the IJ's denial of his CAT claim. Lin has thus waived all the arguments he makes to this Court. A review of the IJ's decision confirms that no manifest injustice will occur if this Court declines to address the claims that Lin has administratively waived.

Accordingly, the petition for review is DENIED.

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

34(a)(2), and Second Circuit Local Rule 34(d)(1).