**Etsegenet ASFAW, Petitioner,**

**v.**

**Alberto R. GONZALES,\* Attorney General of the United States, Respondent.**

**No. 03–4180, A73 160 557.**

United States Court of Appeals, Second Circuit.

May 10, 2006.

Joshua Turin, Turin Turin & Olinger, P.C., Dallas, TX, for Petitioner.

Robin E. Feder, Assistant United States Attorney, District of Rhode Island, Providence, RI, for Respondent.

Present: ROSEMARY S. POOLER, SONIA SOTOMAYOR, Circuit Judges, and EDWARD R. KORMAN, District Judge.\*\*

## SUMMARY ORDER

Etsegenet Asfaw seeks review of an order of the Board of Immigration Appeals ("BIA") affirming with opinion Immigration Judge Barbara A. Nelson's order directing Asfaw's removal to her native country and finding Asfaw ineligible for asylum and withholding of removal because she participated in the persecution of others. We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on review.

An alien who has "ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion," is not a refugee, 8 U.S.C. § 1101(a)(42), and therefore is not eligible for asylum, 8 U.S.C. § 1158(b)(1). Nor is she eligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(i).

In a recent case, we held that an asylum seeker "assisted ... in the persecution of any person," when he transported women in a van to a place where they would undergo involuntary abortions. *Zhang Jian Xie v. INS*, 434 F.3d 136, 143 (2d Cir.2006). Because petitioner "played an active and direct" role in the persecution, we concluded that he assisted in the persecution even though his role was "arguably minor." *Id.*

The BIA's determination that Asfaw participated in persecution is supported by substantial and uncontroverted evidence. Asfaw testified that she reported to authorities statements that political prisoners had made although she also witnessed prisoners being tortured. The questions Asfaw asked included questions concerning the prisoners' organizations and their work in those organizations. Therefore, Asfaw assisted in the persecution of these prisoners in an active and direct way. *See Zhang Jian Xie*, 434 F.3d at 143.

As the government points out, Asfaw failed to appeal the denial of her Convention Against Torture claim to the BIA. We therefore lack jurisdiction to consider that claim. *See Cervantes–Ascencio v. INS*, 326 F.3d 83, 87 (2d Cir.2003).

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

\*\* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

We therefore deny the petition for review.