**Shlomo MALAKAN, a/k/a Florian Ford, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States;** [*] **William Cleary, Acting Field Director Deportation and Removal Buffalo District, Bureau of Immigration and Customs Enforcement; and United States Department of Homeland Security, Respondents.**

No. 05–3254–ag.

United States Court of Appeals, Second Circuit.

May 11, 2006.

Mark T. Kenmore, Buffalo, NY, for Petitioner.

Gail Y. Mitchell, Assistant United States Attorney (Kathleen M. Mehltretter, Acting

---

[*] U.S. Attorney General Alberto R. Gonzales is substituted as Respondent. *See* Fed. R.App. P. 43(c)(2).

United States Attorney, Western District of New York, on the brief), Office of the United States Attorney for the Western District of New York, Buffalo, NY, for Respondents.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES, and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 11th day of May, two thousand and six.

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is hereby **DENIED**.

Shlomo Malakan, a native and citizen of Israel, petitions this Court [1] for review of a May 25, 2004 decision of the Board of Immigration Appeals ("BIA"), affirming an October 21, 2002 decision of Immigration Judge ("IJ") Philip J. Montante, Jr., *see In re Shlomo Malakan a/k/a Ford Florian,* File No. A 77–341–376 (Buffalo, NY), which ordered Malakan removed from the United States, found him ineligible to withdraw his application for admission, and denied him permission to depart voluntarily.

First, Malakan challenges the BIA's determination that the IJ "did not have the authority to allow [him] to withdraw his application for admission" because he "does not qualify as an arriving alien as defined under 8 C.F.R. § 1001.1(q)." Specifically, Malakan argues—for the first time on this appeal—that because his re-

lease from custody pending removal proceedings was equivalent to being paroled into the United States, he was eligible to request withdrawal of admission as a parolee. We hold that we lack jurisdiction to review Malakan's claim due to his failure to exhaust the claim before the IJ or BIA. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if—(1) the alien has exhausted all administrative remedies available to the alien as of right...."); *Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004) (underscoring that " 'a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself.' ") (quoting *Beharry v. Ashcroft,* 329 F.3d 51, 56 (2d Cir.2003)).

We need not remand this case to allow Malakan to exhaust this argument, however, because the IJ stated on the record that *even if* Malakan were eligible to withdraw his application for admission, he did "not find that under the *Matter of Gutierrez,* [19] I. & N. Dec. 562, 565, 1988 WL 235445 (BIA 1988), ... justice would best be served to permit [Malakan] to withdraw his application for admission." The IJ based this conclusion on numerous findings, including: (1) Malakan's admission to having repeatedly entered the United States illegally, (2) Malakan's testimony that he worked illegally and did not pay taxes during previous visits to the United States, and (3) Malakan's prior false statements to immigration officials, made under oath. Because we conclude that there was no error in the IJ's assessment that, in the circumstances presented, granting withdrawal to Malakan would not be in the interests of justice, we deny his request for such relief.

---

**1.** This case was originally commenced by a petition for a writ of habeas corpus filed in the United States District Court for the Western District of New York. It was later transferred to this Court in accordance with the REAL ID Act of 2005, Pub.L. No. 109–13, Div. B., 119 Stat. 231 (May 11, 2005).

Second, Malakan contends that the IJ erred in denying his request for voluntary departure. We lack jurisdiction to review Malakan's challenge to the IJ's discretionary decision to deny his request for voluntary departure. *See* 8 U.S.C. 1229c(f) (providing that "[n]o court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure"). *See also Cervantes–Ascencio v. U.S. INS,* 326 F.3d 83, 86 (2d Cir.2003) (noting that "we have long held that voluntary departure is not something to which an alien is generally entitled as a matter of right").

\* \* \* \* \* \*

Having considered all of Malakan's arguments and found each of them to be without merit, we **DENY** the petition for review.