**Neritan BEJLERI, Petitioner,**

v.

**Alberto GONZALES, United States Attorney General,\* Respondent.**

**No. 04–2793–ag.**

United States Court of Appeals, Second Circuit.

May 11, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto Gon-

Aleksander Milch, Christophe & Associates, P.C., New York, NY, for Petitioner.

Gail A. Matthews, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, F. Franklin Amanat, Assistant United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Respondent.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 11th day of May, two thousand and six.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Neritan Bejleri, a native and citizen of Albania, petitions this Court for review of a May 10, 2004 order of the BIA affirming, without opinion, a decision by Immigration Judge Joseph A. Russelburg ("the IJ") that denied petitioner's application for asylum, withholding of removal under Section 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3), and withholding of removal pursuant to the United Nations Convention Against Torture ("CAT").[1] *See In re Bejleri*, File No. A 95 467 050 (New York, NY, Dec. 17, 2002). Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision directly as the final agency determination. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006).

We assume the parties' familiarity with the underlying facts and procedural history.

At the hearing before the IJ, Bejleri testified that he was a professor of physics who became a pawn in the struggle for political supremacy between the Democratic Party and the Socialist Party in Albania. According to Bejleri, each party wanted him, as a respected figure, to endorse it and to encourage others (in particular his university students) to support it. He testified further that he believed both of Albania's major parties to be corrupt and to be working against the national interest, and so refused to aid either party, and as a result thugs supporting each party assaulted him in separate incidents. Said to fear for his life, Bejleri fled to the United States in February 2002.

The IJ found Bejleri's testimony credible. The IJ concluded, however, that (1) the mistreatment suffered by petitioner did not constitute persecution on account of his "political opinion," and, in the alternative, (2) Bejleri had not demonstrated that whatever mistreatment he suffered was perpetrated by actors whom Albania's government was "unwilling or unable to control," and, (3) in any event, that even if Bejleri suffered the requisite persecution and demonstrated that the government could not or would not protect him, Bejleri had no credible fear of future persecution were he to return to Albania.

We note, as a threshold matter, that Bejleri, who was represented by counsel

---

zales is substituted for his predecessor, Attorney General John Ashcroft, as the respondent in this case.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; *see also* 8 C.F.R. § 1208.16 (regulations implementing the CAT).

before the BIA, did not challenge in his appeal to the BIA the IJ's conclusion that Bejleri did not demonstrate that Albania's government was unable or unwilling to protect him.[2] *See Ivanishvili v. DOJ,* 433 F.3d 332, 342 (2d Cir.2006) ("[P]rivate acts may be persecution if the government has proved unwilling to control such actions."). Because exhaustion requirements mandate that asylum applicants "raise issues to the BIA in order to preserve them for judicial review," we may not consider arguments that have not been presented to the BIA. *Cervantes–Ascencio v. INS,* 326 F.3d 83, 87 (2d Cir.2003); *see Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004); 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right. ... ").

Because the second ground upon which the IJ's asylum decision rested (*i.e.,* that Bejleri did not demonstrate that Albania's government was unwilling or unable to protect him from persecution) is an adequate basis denying the petition to review the BIA's decision, we need not reach the other grounds relied upon by the IJ.

An applicant who, like petitioner, fails to establish his eligibility for asylum is necessarily unable to establish his eligibility for withholding of removal. *See Abankwah v. INS,* 185 F.3d 18, 22 (2d Cir.1999).

Because the definition of "torture" in the regulation implementing the CAT requires that the harm suffered by the applicant for relief "is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity," *see* 8 C.F.R. § 1208.18(a), the same failure to exhaust that doomed Bejleri's asylum claim also precludes us from reversing the IJ's denial of Bejleri's CAT claim.

We have considered all of Bejleri's arguments and found each of them to be without merit. Accordingly, the petition for review is **DENIED**.

---

2. Bejleri testified that his attackers warned him not to report the assaults to police. The IJ concluded that Bejleri, who did not report the events to authorities, did not meet his burden in showing that had he done so, the government could not or would not have protected him.

