**HE PAN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–40687–ag.**

United States Court of Appeals, Second Circuit.

Jan. 8, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Peter D. Lobel (Joshua Bardavid, on the brief), Law Office of Peter D. Lobel, New York, New York, for Petitioner.

Troy A. Eid, United States Attorney, District of Colorado, Terry Fox, Assistant United States Attorney, Denver, Colorado, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner He Pan, a native and citizen of China, seeks review of the September 11, 2003 order of the BIA affirming the January 29, 2002 decision of Immigration Judge ("IJ") Paul L. Johnston denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re He Pan*, No. A77 340 349 (B.I.A. Sept. 11, 2003), *aff'g* No. A77 340 349 (Immig. Ct. N.Y. City Jan. 29, 2002). We assume

the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006).

Pan challenges the BIA's affirmance of the IJ's decision denying relief and asserts that he has met his burden of proof. Our review of the record leads us to conclude that the agency's decision was not supported by substantial evidence insofar as it failed to examine relevant country reports pertaining to the treatment of Christians in China.

■ As an initial matter, Pan fails in his argument that the BIA erred by focusing solely on future persecution while neglecting to consider the "principal basis" of his claim of past persecution, namely that he was prohibited from practicing his religion in China. Pan did not raise this claim before the BIA and is raising it here for the first time. The Immigration and Nationality Act provides that federal courts may review a final order of removal only if petitioners have exhausted not just the categories of relief they are claiming, but also the individual issues on which that relief may turn. *See* 8 U.S.C. § 1252(d)(1); *Foster v. INS,* 376 F.3d 75, 77–78 (2d Cir.2004); *Cervantes–Ascencio v. INS,* 326 F.3d 83, 87 (2d Cir.2003); *see generally Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005). Exhaustion generally means presenting these issues on appeal to the BIA, which Pan has not done. *See Abimbola v. Ashcroft,* 378 F.3d 173, 180 (2d Cir.2004). It is true that a petitioner is not limited to the "exact contours" of his or her argument to the agency, *Gill,* 420 F.3d at 86, however the significance of Pan's failure to raise his argument before the BIA is heightened by the fact that it is not well-settled law that the prohibition of practicing a chosen religion is itself persecution. We have never held this to be so, although we acknowledged that other courts have. *See Yan Chen v. Gonzales,* 417 F.3d 268, 275 (2d Cir.2005) (citing *Bucur v. INS,* 109 F.3d 399, 405 (7th Cir. 1997)). Pan's failure to raise before the BIA his relatively novel claim that he was persecuted in the past because he was prohibited from practicing his religion bars this Court from examining this particular basis for relief.

■ With respect to Pan's claimed fear of future persecution on account of his religion, however, the BIA's decision to credit his testimony that he is Christian while failing to conduct any analysis of the current conditions in China is deficient and warrants remand. *See Paul v. Gonzales,* 444 F.3d 148, 154–55 (2d Cir.2006); *Yan Chen,* 417 F.3d 268, 275 (2d Cir.2005). Country reports, particularly those from the Department of State, are important to an assessment of the subjective and objec-

tive components of an applicant's claim of a well-founded fear. *See Yan Chen,* 417 F.3d at 273–75. We have previously found that an agency decision is incomplete in its analysis of an asylum applicant's well-founded fear if it does not examine evidence of country conditions in the record, especially when it credits an applicant's testimony that he or she possesses characteristics encompassed by one or more of the five protected grounds. *See Paul,* 444 F.3d at 154–55; *Yan Chen,* 417 F.3d at 273–275. The State Department's Human Rights Report found in the record "corroborates [Pan's] accounts of what occurred to him ... and bolsters [his] subjective fear of future persecution." *Yan Chen,* 417 F.3d at 275. The report indicates, *inter alia,* that the Chinese government has destroyed unregistered houses of worship and has used threats, extortion, interrogation, detention, and at times beating and torture to harass unofficial Christian religious figures and followers. Although this information does not mean that Pan's fear is well founded *per se,* it certainly deserves to be examined by the BIA when determining Pan's eligibility for asylum, particularly in light of his credible testimony that he is Christian, that his mother was arrested and detained by police after being warned to stop her religious practices, and that police continue to search for him. *See Paul,* 444 F.3d at 154–55; *Yan Chen,* 417 F.3d at 275.

■ As to Pan's withholding of removal claim under 8 U.S.C. § 1231(b)(3), because the BIA credited Pan's testimony that he is a Christian, the only other factor that must be established is whether, if returned to China, "he would likely be persecuted on the basis of his religious beliefs." *Paul,* 444 F.3d at 157. Evidence in the record that the Chinese government persecutes members of unofficial Christian churches "would clearly bear on this objective inqui-

ry." *Id.* Thus, we also remand Pan's withholding claim to the BIA.

■ Pan's failure to raise his CAT relief claim before the BIA precludes our review, and therefore Pan's CAT claim is dismissed. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006); 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is GRANTED, in part, and DISMISSED, in part. The pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).