18

**CHENG HE WANG, Petitioner,**

v.

**UNITED STATES ATTORNEY
GENERAL, Respondent.**

**No. 06–3061–ag.**

United States Court of Appeals,
Second Circuit.

March 20, 2007.

Gang Zhou, New York, New York, for
Petitioner.

Peter D. Keisler, Assistant Attorney
General, Emily Anne Radford, Assistant
Director, Stephen Elliott, Trial Attorney,
Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. RALPH K.
WINTER, Hon. WALKER, Hon. JOSÉ A.
CABRANES, Circuit Judges.

***SUMMARY ORDER***

Petitioner Cheng He Wang, a native and
citizen of China, seeks review of a June 2,

2006 order of the BIA affirming the March 1, 2005 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Cheng He Wang*, No. A96 389 828 (B.I.A. June 2, 2006), *aff'g* No. A96 389 828 (Immig. Ct. N.Y. City Mar. 1, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1).[1] Wang did not raise any arguments regarding the IJ's adverse credibility determination in his brief to the BIA. Although he provided a summary of the IJ's findings, he did not provide any arguments as to why those findings were erroneous. Therefore, his arguments regarding the IJ's adverse credibility determination are not exhausted, and as such, we decline to review them.[2] *Id.; Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 343 (2d Cir.2006). Because the adverse credibility determination still stands as a basis for the denial of Wang's asylum claim, Wang would still be unable to establish eligibility for asylum, even if the IJ's nexus finding was erroneous. Accordingly, we need not review this finding.

Wang does not raise any arguments regarding the denial of his withholding of removal or CAT claims in his brief to this Court, nor did he raise any arguments regarding the denial of that claim in his brief to the BIA. Therefore, neither of these claims are exhausted and they are waived. 8 U.S.C. § 1252(d)(1) (governing exhaustion); *Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006) (governing waiver). Accordingly, we deem them abandoned and decline to consider them.

For the foregoing reasons, the petition for review is DISMISSED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

1. The statute requires aliens to exhaust not just the categories of relief they are claiming, *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005) (stating this in dicta, and citing *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir.2003)), but also the individual issues on which that relief may turn, *Foster v. INS*, 376 F.3d 75, 77–78 (2d Cir.2004); *Cervantes–Ascencio v. INS*, 326 F.3d 83, 87 (2d Cir.2003).

2. Even if we were to evaluate the IJ's adverse credibility determination, we would find that it was supported by substantial evidence. The IJ correctly noted that Wang's testimony was inconsistent with the newspaper article about when the altercation took place and reasonably relied on Wang's failure to mention any fear of returning to China at his airport interview. We also agree with the IJ's corroboration finding.