**Hussein Ali Abdulla AL SARTI, Petitioner,**

v.

**Alberto GONZALES, Attorney General Respondent.**

No. 06–1135–ag.

United States Court of Appeals, Second Circuit.

April 27, 2007.

Edward J. Cuccia, Ferro & Cuccia, New York, NY, for Appellant.

Mara E. Trager, Assistant United States Attorney (Sarah S. Normand, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Hussein Ali Abdulla Al Sarti, a native and citizen of Yemen, seeks review of a February 10, 2006 order of the BIA affirming the August 31, 2005 decision of the Immigration Judge denying Al Sarti's motion to reopen. *In re Al Sarti,* No. A95 959 854 (B.I.A. Feb. 10, 2006), *aff'g* No. A95 959 854 (Immig. Ct. N.Y. City Aug. 31, 2005). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The IJ denied Al Sarti's motion to reopen on the ground that Al Sarti presented "no new evidence ... to this court that would alter its prior determination." On appeal to the BIA, Al Sarti argued that he "never received notice of the date of the rescheduled" Citizenship and Immigration Services interview for which he did not appear, and that the IJ's consideration of his non-appearance was therefore error.

Al Sarti's petition for review in this Court is based entirely on a new argument: that under *In re Velarde–Pacheco*, 23 I. & N. Dec. 253, 256 (B.I.A.2002), his motion to reopen could have been granted because the government's opposition to the motion was "based solely upon [a] completely incorrect ... recitation of the facts of the matter," and was therefore "a nullity." Al Sarti concedes that this argument was not raised before the BIA.

"To preserve a claim, we require '[p]etitioner to raise *issues* to the BIA in order to preserve them for judicial review.'" *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) *(per curiam) (quoting Cervantes–Ascencio v. INS*, 326 F.3d 83, 87 (2d Cir. 2003)) (emphasis in *Foster*). As the government points out in its brief, Al Sarti's sole issue on this appeal was not presented to the BIA. Therefore, the argument "is precluded by his failure to exhaust the claim below." *Id.*

For the reasons set forth above, the petition is hereby **DISMISSED** in part and **DENIED** in remaining part.