**JIAN FENG ZHENG, Petitioner,**

v.

**U.S. DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 06–2596–ag.

United States Court of Appeals, Second Circuit.

Aug. 16, 2007.

K. Steven Zimmerman, New York, N.Y., for Petitioner.

Tim Ramnitz, U.S. Department of Homeland Security, Washington, D.C. (William C. Minick, Peter D. Keisler, Linda S. Wernery, and Curtis C. Pett, U.S.

Department of Justice, on the brief), for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Jian Feng Zheng, a native of the People's Republic of China, seeks review of the May 5, 2006 order of the BIA denying Petitioner's December 27, 2005 motion to reopen her immigration proceedings. *In re Jian Feng Zheng*, No. A73 666 428 (B.I.A. May 5, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

An alien is generally limited to one motion to reopen immigration proceedings, and that motion must be filed within ninety days of the final administrative order of removal. 8 U.S.C. §§ 1229a(c)(7)(A), (c)(7)(C)(i); 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1). An exception to these time and number restrictions exists for an applicant for asylum or withholding of removal who seeks to reopen proceedings on the basis of "changed country conditions arising in the country of nationality or the country to which removal has been ordered." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(i). However, no motion to reopen, regardless of its basis, may be granted unless the petitioner offers evidence that "is material and was not available and could not have been discovered or presented at the former hearing," nor may the BIA grant a motion to reopen if "an opportunity to apply [for the form of relief the petitioner seeks] was afforded at [a] former hearing, unless the relief is sought on the basis of circumstances that have arisen subsequent to the hearing." 8 C.F.R. § 1003.2(c)(1). We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005).

The BIA denied Petitioner's motion to reopen, her third such motion, on the grounds that it was time-barred and number-barred. It also noted that Petitioner raised all of the same facts in her fully-adjudicated second motion to reopen, namely that her husband is a U.S. citizen, she has a U.S. citizen son who would suffer extreme hardship without her, and her I–130 application is pending. Petitioner alleges that the BIA erred as a matter of law in denying her third motion to reopen, but she does not offer any arguments as to why her motion is not barred by the statutory time and number limitations. She also does not dispute that her third motion to reopen rests on the same facts and evidence as her second motion to reopen. She makes no argument that the potential hardship to her son has become greater or that her circumstances have in any other way materially changed. Given Petitioner's failure to present any suggestion as to how the BIA applied the law incorrectly, we may treat these issues as waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Petitioner also argues that the BIA's denial of her third motion to reopen as time– and number-barred was a violation of Petitioner's due process rights. We have jurisdiction to consider this claim since it raises a constitutional question. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 324 (2d Cir.2006).

Petitioner's due process claim is meritless. "In immigration cases, 'the Due Pro-

**52**

cess Clause requires only that an alien receive notice and a fair hearing where the INS must prove by clear, unequivocal, and convincing evidence that the alien is subject to deportation.'" *Cervantes–Ascencio v. INS,* 326 F.3d 83, 86 (2d Cir.2003) (quoting *Rojas–Reyes v. INS,* 235 F.3d 115, 124 (2d Cir.2000)). Petitioner has had such a hearing. The Due Process Clause also does not preclude the BIA from enforcing the limitations that Congress has placed on motions to reopen. *See Ahmetovic v. INS,* 62 F.3d 48, 53 (2d Cir.1995). We routinely dismiss due process claims that are based solely on the application of statutory time limits, unless a petitioner points to something in the record suggesting that she was denied "a full and fair hearing which provides a meaningful opportunity to be heard". *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104–05 (2d Cir.2006) (internal quotation marks omitted). Petitioner points to no such fundamental unfairness.

The petition for review is DENIED. Having completed our review, any pending motion for a stay of removal is DISMISSED as moot.