Li v. Lynch

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of May, two thousand sixteen.

PRESENT: AMALYA L. KEARSE,
　　　　　DENNIS JACOBS,
　　　　　BARRINGTON D. PARKER,
　　　　　　　　　　　　　　　<u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

XIAOXIANG LI,
　　　　　<u>Petitioner</u>,

　　　　　-v.-　　　　　　　　　　　　　　　　15-960

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,[*]
　　　　　<u>Respondent</u>.

- - - - - - - - - - - - - - - - - - - -X

---

[*]　　Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR PETITIONER:**                    GARY J. YERMAN, YERMAN &
                                      ASSOCIATES, LLC, New York,
                                      New York.

**FOR RESPONDENT:**                    DANIEL ERIC GOLDMAN (with
                                      John S. Hogan & Robbin K.
                                      Blaya on the brief) for
                                      Benjamin C. Mizer, Principal
                                      Deputy Assistant Attorney
                                      General, Department of
                                      Justice Civil Division,
                                      Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition for review is **DENIED**.

Petitioner Xiaoxiang Li, a native of the People's Republic of China, seeks review of a March 11, 2015 decision of the BIA affirming an October 2, 2012 decision of an Immigration Judge ("IJ") denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"When the BIA issues an opinion, 'the opinion becomes the basis for judicial review of the decision of which the alien is complaining.'"  Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005) (quoting Niam v. Ashcroft, 354 F.3d 652, 655 (7th Cir. 2004)). The applicable standards of review are well established.  See 8 U.S.C. § 1252(b)(4)(B); see also Lin v. Mukasey, 534 F.3d 162, 165-66 (2d Cir. 2008).

The Attorney General may grant asylum to an alien upon a determination that the alien is a "refugee" under 8 U.S.C. § 1101(a)(42).  See I.N.S. v. Cardoza-Fonseca, 480 U.S. 421, 427-28 (1987).  The provision defines a refugee as a person "who is unable or unwilling to return to" his native country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1101(a)(42)(A).  Thus "[a]n applicant may qualify for refugee status in two ways.  First, he may demonstrate that he has suffered past persecution, in which case a presumption arises that he has a well-founded fear of

2

future persecution." Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir. 2004). This Li has not undertaken to do.

"Second, the applicant may establish that he has a well-founded fear of future persecution, which requires that the alien present credible testimony that he subjectively fears persecution and establishes that his fear is objectively reasonable." Id.

The BIA correctly determined that Li failed to adduce sufficient evidence to support his claim. Li proffered no evidence that the Chinese government was aware of his activities in the United States on behalf of the China Democracy Party. The diminished weight given to the unsworn and unsigned letter written by Li's father was within the sound discretion of the agency. See Y.C. v. Holder, 741 F.3d 324, 334 (2d Cir. 2013) ("The agency [was entitled to give such a] letter 'very little evidentiary weight,' both because it was unsworn and because it was submitted by an interested witness. We defer to the agency's determination of the weight afforded to an alien's documentary evidence."). In any event, the letter does not indicate that the Chinese government was aware of Li's activities, but rather that some inquiry was made as to whether Li joined an anti-Chinese Communist Party organization in the United States. Nor has Li, in order to sustain his evidentiary burden, shown a pattern or practice of persecution directed at similarly situated individuals based on the practice of Christianity; the record indicates that although underground Christian groups are targeted in parts of China, the practice is not uniform throughout the country. The objective component of Li's claim is accordingly lacking. See Huang v. I.N.S., 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [the alien's] fear is speculative at best.").

Our decision on Li's asylum claim is fatal to his withholding of removal claim; "[b]ecause the withholding of removal analysis overlaps factually with the asylum analysis, but involves a higher burden of proof, an alien who fails to establish his entitlement to asylum necessarily fails to establish his entitlement to withholding of removal." Ramsameachire, 357 F.3d at 178. And Li did not adequately raise his CAT claim before the BIA; it is waived. See Foster v. I.N.S., 376 F.3d 75, 78 (2d Cir. 2004) ("To preserve a claim, we require '[p]etitioner to raise issues to the BIA in order to preserve them for judicial review.'"

(alteration and emphasis in original) (quoting <u>Cervantes-Ascencio v. I.N.S.</u>, 326 F.3d 83, 87 (2d Cir. 2003))).

    For the foregoing reasons, the petition for review is **DENIED.** Petitioner's motion for a stay of removal is **DENIED.**

                    FOR THE COURT:
                    CATHERINE O'HAGAN WOLFE, CLERK